FILED
2008 Jun-25 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# GENERAL AFFIDAVIT

**State of Alabama**
**County of Jefferson**

**BEFORE ME**, the undersigned Notary, _____, on this ____ day of _____, 2008, personally appeared Jeffrey Mark Edwards, known to me to be a credible person and of lawful age, who being by me first duly sworn, on his oath, deposes and says:

I, Mark Edwards, was employed with HEALTHSOUTH Corporation from approximately 1994 until 2003. Sometime in 1996, I transferred from the accounting department to the Outpatient operations division (later to become East Ambulatory operations division). I worked for Hannibal Sonny Crumpler from approximately 1996 until he left the company in July of 2000 at which time I was promoted into his position as controller of that division. During that time period from 1996 to 2000 , my primary responsibility was as the assistant controller of that operations division and my direct supervisor was Mr. Crumpler.

After reading various statements made during Mr. Crumpler's trial in the media, I approached him and informed him that some of the statements attributed to Weston Smith and Bill Owens did not sound true. Mr. Crumpler's attorney subsequently asked me to read the trial transcript of Mr. Smith and Mr. Owens and without any collaboration or influence by Mr. Crumpler, to identify statements which I knew to be false or materially misleading and/or not possible. Below is a summary of that request.

Regarding Mr. Smith's and Mr. Owens testimony in case # -04-VEH-502-S United States vs. Hannibal Sonny Crumpler:

**1) Pages 65 and 66 of transcript dated November 8, 2005:**

Mr. Smith states that he discussed with Mr. Crumpler his "homework" assignments which included "how much inventory could be overstated on the books of a particular facility". He also claims that they spoke about where inappropriate entries or "parking" entries to Property, Plant and Equipment could be made.

I, Mark Edwards, testify that this statement is misleading and/or false because Mr. Crumpler did not have access to the records in our division to be able to figure out where false entries could be made. Specifically, he did not have access to individual facility detail records. I would have been the most likely one from which he would have requested this information. Even I had limited access to balance sheet information. I do not recall Mr. Crumpler ever requesting this type of information on individual facilities. Mr. Crumpler did not nor did his computer have that information. Therefore it would be impossible for him to provide the type of information Mr. Smith claims he provided. Additionally, Mr. Crumpler did not have the computer skills necessary to be able to research that type of detailed information on the shared network system we utilized in the outpatient division. Finally, he never requested me to give him any such information on the individual facilities.

**2) Pages 81, 86 and 88 of transcript dated November 8, 2005:**

On page 81, Mr. Smith makes the statement relating to fraudulent entries that Mr. Crumpler was "guiding where the adjustments need to be made". On page 86, Mr. Smith states "he [Mr. Crumpler] is the one who has the intimate knowledge of his facilities and can identify what can and cannot be placed in those facilities to avoid detection by the auditors". Furthermore, on page 88, Mr. Crumpler's attorney Jack Martin, asked the question "you [Mr. Smith] testified that Mr. Crumpler provided you [Mr. Smith] detailed information about his facilities where the fraud could be hidden?" Mr. Smith's answer was "Yes".

I, Mark Edwards, testify that this statement is misleading and/or false because Mr. Crumpler did not have access to the detail records in our division needed to be able to figure out where false

Ex. A

entries could be made on individual facilities. Specifically, he did not have access to individual facility detail records. I would be the person providing Mr. Crumpler any information he needed or requested regarding the financials in our division. I maintained various reports with facility specific information. Mr. Crumpler did not nor did his computer have that information. Mr. Crumpler did not request specific facility information to review. I do not recall him ever requesting to review specific facility detailed financial information for our division. Therefore it would be impossible for him to provide the type of information Mr. Smith claims he provided. Additionally, Mr. Crumpler did not have the computer skills necessary to be able to research that type of detailed information on the shared network system we utilized in the outpatient division.

Additionally, I, Mark Edwards, state that Sonny Crumpler never had intimate detailed knowledge of our facilities in the Outpatient division. Mr. Crumpler was provided summary income statement divisional financial information and was always a "50,000 foot level" kind of manager. He used me to analyze and keep individual detailed information. To my knowledge, he never analyzed individual facilities nor had the information necessary to be able to provide detailed information on individual facilities.

### 3) Page 141 of transcript dated November 7, 2005:

Weston Smith stated that Mr. Crumpler's 'role was an advisory one' and that Mr. Crumpler would leave the meetings where the fraud was discussed and a "number would be given to Sonny" to go figure out where "fraudulent postings could be made" in our division.

I, Mark Edwards, testify that this statement is misleading and false because Mr. Crumpler did not have access to the detail records in our division on individual facilities to be able to figure out where false entries could be made.

### 4) Pages 77 and 78 of transcript dated November 10, 2005:

Bill Owens states, in relation to meetings where the HEALTHSOUTH fraud was carried out, that it was Mr. Crumpler's homework and "responsibility to analyze the individual facility financials" and "give directions back to specific facilities so the adjustments could be booked".

I, Mark Edwards, testify that Mr. Crumpler did not have the detail records to be able to analyze individual financial statements. In addition he never requested information from me in order to be able to provide that type of information to Mr. Owens or Mr. Smith.

Ex. A

Ex. A

_____
[signature of affiant]

Jeffrey Mark Edwards

_____
[address of affiant, line 1]

_____
[address of affiant, line 2]

Subscribed and sworn to before me, this _____ day of _____, 2008.

[Notary Seal:]

_____
[signature of Notary]

NOTARY PUBLIC

My commission expires: _____, 20_____.

Ex. A



Ex. A