FILED

2008 Aug-29  AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **v.** | ) | **2:04-CR-502-VEH-JEO** |
| | ) | |
| **HANNIBAL SONNY CRUMPLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

## I.    INTRODUCTION

Pending before the court is Defendant, Hannibal Sonny Crumpler's Motion for New Trial (Doc. 163), pursuant to Federal Rule of Criminal Procedure 33, based upon Crumpler's discovery of new evidence.  The parties have fully briefed the issues (Docs. 163, 165, 166), and the court has considered each of the arguments carefully. For the reasons discussed in this Memorandum of Opinion, the defendant's motion is due to be **DENIED**.

## II.    BACKGROUND

Crumpler was initially indicted on December 29, 2004 (Doc. 1), and on September 5, 2005, the Government filed a Superseding Indictment. (Doc. 87). This indictment alleged three counts.  Count One alleged a conspiracy to defraud the

United States in violation of 18 U.S.C. § 371. (Doc. 87 at ¶¶ 1-36). Count Two alleged that Crumpler aided and abetted others in making false statements to auditors in violation of 15 U.S.C. §§ 78m(a), 78m(b)(2), and 78ff; 17 C.F.R. § 240.13b2-2(a); and 18 U.S.C. § 2. (Doc. 78 at ¶¶ 1-4). Count Three was a criminal forfeiture charge based on 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. §246(c).

After lengthy proceedings, a jury found Crumpler guilty as to all three counts of the Superseding Indictment and this Court entered judgment against the defendant, sentencing him to serve 60 months incarceration for Count One, and 96 months for Count Two. (Doc. 136 at 2). Crumpler is to serve these terms concurrently. *Id.*

Crumpler now files the Pending Motion for New Trial (Doc. 136) based upon his alleged discovery of new evidence. *Id*.

Crumpler's new evidence consists of an unsworn and unsigned affidavit[1] that allegedly contains additional facts purportedly supplied by Mark Edwards, a HealthSouth employee who worked as a subordinate to Crumpler and who testified for the Government at Crumpler's trial. (Doc. 163, Ex. A). The affidavit states that Edwards heard statements made by the media during Crumpler's trial that he knew to be untrue and consequently informed Crumpler's attorney that statements made by

---

[1] Crumpler declares that Edwards refused to sign the affidavit due to fear of retaliation by the Government. However, he also alleges that Edwards would still testify to this same information at a new trial. (Doc. 163 at 16).

Government witnesses, Weston Smith and Bill Owens, were untrue.  (Doc. 163, Ex. A at 1). Specifically, Edwards notes four points that allegedly undermine portions of the Government witnesses' testimony.

First, the "affidavit"[2] states that witness Weston Smith made false statements when he stated that he gave Crumpler "homework assignments" which included ways to hide HealthSouth's losses.  *Id*.  These statements, the affidavit reasons, are false because Crumpler did not have access to facility records Smith says Crumpler had access to, and did not request such access from Edwards, who would be the logical choice to provide this access.  *Id.*

Next, the affidavit states that Smith made false statements regarding Crumpler's knowledge of individual facilities wherein debt could be hidden to avoid detection by auditors.  *Id.*  This statement was false or misleading because Crumpler did not have access to detailed records.  *Id.*  Additionally, the affidavit states that Crumpler never had intimate, detailed knowledge about individual facilities because, as a manager, he liked not to concern himself with details.  *Id.*

Third, the affidavit states that Smith made false or misleading statements by

_____

[2]  Black's Law Dictionary (8th ed. 2004), defines "affidavit" as follows: "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public."  Although the Edwards document does not meet this definition, the Court refers to it as an "affidavit" because that is the term used by both parties in their pleadings.

indicating that Crumpler had an "advisory" role in the fraud, whereby he would advise conspirators where fraudulent postings could be made on the books of individual facilities. *Id.* at 2. This testimony was false or misleading because, again, Crumpler did not have access to this information. *Id.*

Finally, the affidavit states that Government witness Bill Owens falsely testified that Crumpler had the responsibility to analyze individual facility records and to give directions as to the places where accounting adjustments could be made. *Id.* This information was false because Crumpler did not have access to the information.

Crumpler, through his counsel, now argues that he is due a new trial because this evidence undercuts key portions of the government's case and would have created a different result at trial if this evidence were known. (Doc. 163 at 2).

## III.   ANALYSIS

### A.  There is no "evidence" properly before this Court

In support of his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, Crumpler relies solely on the unsworn and unsigned affidavit of Mark Edwards, an employee who worked under Crumpler. (Doc. 163 at Ex. A). Edwards allegedly refused to sign this affidavit, prepared for him by counsel, because

he was "afraid of retaliation from the U.S. Attorney's Office." (Doc. 163 at 16). Counsel swears that Edwards would testify at trial if called. *Id.*

The court seriously doubts that this unsworn affidavit is actually "evidence" for it to consider in a Rule 33 motion. Since Edwards's statement is unsigned, there is no way to attribute these statements to him, signifying that the new evidence is actually true. Even if this unsigned statement were "evidence," it does not establish that Smith's and Owens's testimony was untrue. Rather, it is evidence that, if believed, could go to the weight of Smith's and Owens's testimony. In other words, even taken in the light most favorable to Crumpler, Edwards's statements do not establish that Crumpler in fact had no access to the records, it just establishes that Edwards does not think that Crumpler had access to the records. Moreover, even if the jury decided, based on Edwards's testimony, that Smith's and Owens's testimony about Crumpler's access to the records was false, this does not mean that the jury would automatically conclude that other parts of Smith's and Owen's testimony was untrue. Further, it was not an element of any charge against Crumpler that he actually had access to these records.

There is no authority from the Eleventh Circuit as to whether this court should consider an unsigned affidavit as "evidence". At least one district court has denied a Rule 33 motion on similar grounds. *See United States v. Patterson*, No. 04 cr 705-

5

1 2007 WL 1438658 at *19 (N.D. Ill. May 15, 2007) (denying a Rule 33 motion when new evidence consisted of an unsworn and unsigned contract and noting that "the record contains no competent evidence"). However, other courts have addressed the merits of the motion when faced with unsigned and unsworn accounts. *See*, *e.g.*, *United States v. Ruiz*, 711 F. Supp. 145, 148 (S.D.N.Y. 1989) (addressing merits of Rule 33 motion when unsworn affidavits contradicted testimony given at trial).

The court doubts that Edward's unsworn, unsubstantiated affidavit should be considered as "evidence" properly before the court on a Rule 33 motion. Nonetheless, the court will address the merits of Crumpler's Motion for New Trial. Regardless, the evidence does not establish a valid basis for a new trial and the motion is due to be denied.

**B.      Crumpler's evidence is unavailing**

Federal Rule of Criminal Procedure 33 provides that "a court may vacate any judgment and grant a new tiral if the interest of justice so requires." In ruling upon such a motion, the court should carefully weigh the evidence and may assess the credibility of the witness. *U.S. v. Martinez*, 763 F.2d 1297, 1312 (11th Cir.1985).

"No court wishes a defendant to remain in jail if he has discovered evidence showing that he is not guilty, but after a man has had his day in court, and has been fairly tried, there is a proper reluctance to give him a second trial." *United States v.*

*Seago,* 930 F.2d 482, 488 (6th Cir. 1991) (quoting Wright & Miller, Federal Practice & Procedure § 557 (2008)); *Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989) ("Even when timely filed, such motions are greatly disfavored and, thus, are viewed with much caution.")

"[T]here are two grounds upon which a court may grant a motion for a new trial: one based on newly discovered evidence, which must be filed within three years of the verdict pursuant to Rule 33(b)(1); and the other based on any other reason, typically the interest of justice, which must be filed within seven days of the verdict, pursuant to Rule 33(b)(2)." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006). Crumpler has filed a timely motion for a new trial based on newly discovered evidence.

"The district court should use 'great caution' in granting a new trial motion based on newly discovered evidence." *United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994). When a defendant premises a Rule 33 motion upon new evidence, a new trial is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *U.S. v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005); *United States v.*

7

*Starrett*, 55 F.3d 1525, 1554 (11th Cir.1995); *United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994)). The defendant bears the burden as to all elements, *United States v. Riley*, 544 F.2d 237 (5th Cir. 1976), and "[t]he failure to satisfy any one of these elements is fatal to a motion for a new trial." *Thompson*, 422 F.3d at 1294 (quoting *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir.1995)). District courts are given considerable discretion in determining whether the elements are satisfied. *Starrett*, 55 F.3d at 1554.

The court will now discuss each of the five elements, explaining why this motion is due to be denied.

### 1.     Newly Discovered Evidence

In substance, Crumpler's "new evidence" is proposed testimony from Edwards that Crumpler did not have access to individual facility records, thereby indicating that he could not have provided the information key government witnesses testified Crumpler provided.  (Doc. 163 at 16 (citing *Id.* at Ex. A, ¶¶ 1-4)). Crumpler argues that, since Crumpler did not have access to the information to which Smith and Owens testified, their testimony must be false.  *Id.*

The United States argues that this is not "newly discovered" evidence because Crumpler knew better than anyone else the level of access he had to individual facility records.  (Doc. 165 at 15).  In support of this argument, the Government cites

8

*United States v. Calderon*, 127 F.3d 1314, 1348 (11th Cir. 1997) (noting that there was "some conceptual difficulty" in classifying as newly discovered evidence the existence of an airline ticket proving that a defendant was not aboard a smuggling boat, since the defendant would have known all along whether he was in another place at the time of the offense), and *United States v. Metz*, 652 F.2d 479, 481 (5th Cir. 1981)[3] (finding that evidence was not "newly discovered" when testimony had previously been unavailable due to the witness's invocation of the Fifth Amendment).

In response, Crumpler argues that, because he did not learn of the evidence before trial, he could not have brought this information to the attention of the court. (Doc. 166 at 7). Seemingly acknowledging that he could have testified to this information himself, Crumpler also argues that, even if he had testified to this information, Edwards's testimony would still be "new evidence." *Id.* (citing *United States v. Garland*, 991 F.2d 328, 336 (6th Cir. 1993) (stating that cumulative testimony that is highly material should not be discredited when the defendant is the only other witness available to testify).

Edwards's testimony is not new evidence discovered after trial. This case bears strong resemblance to *United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997),

---

[3] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

upon which the Government relies in its opposition.  There, the Eleventh Circuit stated that a newly available airline ticket was likely not "newly discovered evidence," because the defendant would have known and been able to testify that he had in fact been on the plane.  *Id.* at 1348.  When the facts of an affidavit submitted in a Rule 33 motion are known by the defendant at trial, those facts cannot be newly discovered evidence. *See Cleary v. United States*, 163 F.2d 748, 749 (9th Cir. 1947).

Crumpler places importance on the fact that he did not learn of the testimony concerning his access to individual records until at trial.  The standard for Rule 33 motions set forth by the Eleventh Circuit in *U.S. v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005), states that the newly discovered evidence must have been discovered *after* trial.  It is undisputed that Crumpler learned at trial all of Smith's and Owens's testimony, including the portions challenged in the instant motion (that he had access to individual facility records). Crumpler also knew his actual activities and "management style," and who worked for him, and therefore would have knowledge of those matters.  That Edwards could have substantiated these matters does not make the evidence new.

The Court of Appeals for the Fifth Circuit discussed a similar issue in *United States v. Wall*, 389 F.3d 457 (5th Cir. 2004).  There, Wall learned of damaging testimony only at trial, and argued that an alibi witness discovered after trial was

10

newly discovered evidence.  The court rejected this argument, writing "Wall possessed all the information necessary to begin looking for the 'newly discovered evidence,'" upon hearing the testimony offered against him at trial.  *Id.* at 469.  That he later found testimony after trial that tended to show his innocence did not mean the evidence was "newly discovered."  *Id.* at 470.

Similarly, the Court in *United States v. Chandler*, 950 F. Supp. 1522 (N.D. Ala. 1996), found that evidence was not "newly discovered" for the purposes of a Rule 33 motion when witnesses came forward who could refute statements made by the prosecution's witness.  *Id.* at 1541.  The evidence could not be newly discovered because, at the time of trial, the defendant was aware that testimony offered by the Government could be refuted.  *Id.*  That witnesses later came forward did not mean the evidence was newly discovered.

As in *Chandler* and *Wall*, Crumpler would have known, at the time the Government offered the supposedly false testimony, whether or not he had access to the records of individual plant facilities.  At this point, he had all of the knowledge necessary to refute these claims.  Edwards's later willingness to testify to this fact does not mean the evidence is "newly discovered."

Additionally, Crumpler mistakenly relies on *United States v. Garland*, 991 F.2d 328 (6th Cir. 1993) to prove that, even if he could have addressed the Government's

11

theory of culpability at trial, Edwards's testimony is still "new" because of its materiality. (Doc. 166 at 7). The language from *Garland* quoted in Crumpler's brief refers to evaluating whether the evidence is cumulative, not whether the evidence is newly discovered. Whether the evidence is cumulative is an entirely different inquiry, which the court addresses later in this opinion.

In short, Crumpler knew, better than Edwards, whether he had access to the records in question. He could have refuted this evidence upon learning of it at trial, either through his own testimony or through cross-examination of Edwards.[4] Evidence that Crumpler knew cannot therefore be "newly discovered." As the defendant and movant in this Rule 33 motion, Crumpler bears the burden of proving his entitlement to a new trial as to each of the five factors used in *United States v. Garland*. He has not carried this burden as to demonstrating that the evidence is newly discovered. Newly available testimony is not newly available evidence for purposes of this Rule 33 motion. *See United States v. DiBernardo*, 880 F.2d 1216, 1225 (11th Cir. 1989).

---

[4] Indeed, as discussed later in this opinion, defense counsel elicited substantially similar information from Edwards when he was cross-examined at trial. *See infra* at 14-15.

12

2.      **Due Diligence**

Even if the court were to classify Edwards's unsworn statement as "newly discovered evidence," there is a serious question as to whether Crumpler exercised due diligence in "discovering" it only after trial.  In support of his contention that he did exercise due diligence, Crumpler again argues that he did not know of the testimony's relevance until during trial.  (Docs. 163 at 17-20, 166 at 8-9).  In response, the Government cites several interviews that likely gave Crumpler notice of the importance of the testimony.  (Doc. 165 at 18-21).

Crumpler's argument depends upon the premise that a defendant cannot exercise due diligence when he or she first learns of the importance of a defense at trial–an erroneous assumption.  A defendant seeking to establish the basis for a new trial as a result of newly discovered evidence must demonstrate that the evidence was not discoverable before or <u>during</u> trial.  *See, e.g.*, *United States v. Beasley*, 582 F.2d 337, 339 (5th Cir. 1978) ("Newly discovered evidence is evidence that could not have been discovered with due diligence at the time of trial."); *see also United States v. Maldonado-Rivera*, 489 F.3d 60, 68 (1st Cir. 2007) (finding that evidence could have been discovered through due diligence when defense learned of the importance of certain evidence initially during trial); *United States v. Wall,* 389 F.3d 457, 469 (5th Cir. 2004) ("When a defendant becomes aware of evidence early in a trial, it is

13

incumbent upon the defendant to seek a continuance or demonstrate efforts to obtain the evidence before it will be considered newly discovered." (citing *United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir.1997)); *United States v. Robinson,* 585 F.2d 274, 278 (7th Cir. 1978) ("It is fundamental that a defendant seeking a new trial under [Rule 33] must establish that the material asserted to be newly discovered could not have been discovered with due diligence before or during trial.").

Even if the Court disregarded the substantial evidence provided by the Government proving that Crumpler knew the prosecution would present testimony indicating he had access to individual facility information, Crumpler would still fail the due diligence test.  When Crumpler learned of the Government's trial tactics, he could have begun looking for ways to refute this testimony, or he could have testified himself.  *See Wall*, 389 F.3d at 469.  Counsel cross-examined Edwards at trial, addressing much of the supposed new evidence proffered by Edwards.  (Doc. 120 at 104); *see infra* 14-15 (discussing cumulative nature of the evidence).  Thus, through the exercise of due diligence, Crumpler could have discovered this evidence during trial and could have brought the evidence, which Crumpler knew Edwards had, to the attention of the jury.  Therefore, his Motion for New Trial also fails on this ground.

### 3.      Not merely cumulative or impeaching

In support of this element of the *Thompson* test, Crumpler argues that the evidence "directly refutes" an essential element of showing a conspiracy at HealthSouth, and that it also impeaches Smith's and Owens's testimony.  (Doc. 163 at 21).  Crumpler also argues that no other evidence presented by him at trial tended to refute Smith's or Owens's testimony.  (Doc. 166 at 9).

In response, the Government argues that the evidence is cumulative and cites several instances in the transcript of Edwards's testimony, and specifically his cross-examination, at trial that contain, in substance, the information contained in the unsworn affidavit Crumpler offers as Edwards's proposed new evidence.  *See, e.g.*, (Doc. 120 at 95 ("Accounting would just give us the financial statements or a few reports that I will like [sic] to see. [Crumpler] . . . wanted just some summary information. [He] didn't want to be buried in numbers."); Doc. 120 at 105 ("[Crumpler] knew the financial numbers, he knew the way the business worked, and it was my job to get into the details and get into facilities, specific issues, to talk to administrators to communicate with accounting, to kind of be the liaison between accounting and operations, and he liked to stay at a high level, and not get too lost in the forest, as I call it."); Doc. 120 at 109 ("every facility had its own unique set of books, and corporate, as an entity had its own set of books on accounts, that whole

bit. If there is a, you know, a pot of money sitting up or a pot of reserves sitting up on a corporate book, and they want to allocate it down, the accountants have to make a journal entry and put it specifically on each facility's books."); Doc. 120 at 117 ("I could not manipulate Peoplesoft. I had access to run eventually a few standard reports that I needed, rather than getting accounting to hand them to me, but it's purely a kind of read-only, a reporting type access, not a journal entry access.").

In light of this evidence, the court finds that the proffered evidence by Crumpler is cumulative. Edwards testified at trial and was cross-examined by Crumpler's counsel. He offered, in substance, much of the same information that Crumpler now claims exonerates him (and with which a jury disagreed). Thus, Defendant's Motion for New Trial fails on this ground as well.

### 4.      Materiality

In arguing that Crumpler's proffered new evidence is not material, the Government essentially argues that it is not material because Crumpler refused to pursue it at trial. (Doc. 165 at 27). So, the argument goes, since Crumpler neglected the argument at trial, then it must not have been important.

Crumpler argues that the evidence is highly relevant and therefore material because it contradicts a key element of the Government's case as to both Count One and Count Two of the Superceding Indictment. (Doc. 166 at 10). This presupposes

that even if the evidence were new and not discoverable through due diligence, it would have been important to the outcome of the case.  For reasons discussed below, this argument also fails.

The Eleventh Circuit has not defined materiality in the context of Rule 33.  In a similar case facing undefined territory, the First Circuit wrote, "New evidence is material if it has the potential 'to alter the outcome of the lawsuit under the applicable legal tenets.'"  *United States v. Hernandez-Rodriguez*, 443 F.3d 138, 145 (1st Cir. 2006) (citing *Roche v. John Hancock Mut. Life Ins.*, 81 F.3d 249, 251 (1st Cir. 1996) (stating standard for summary judgment in a civil trial and concluding "a fact is 'material' only when it possesses the capacity, if determined as the nonmovant wishes, to alter the outcome of the lawsuit under the applicable legal tenets.").  The court is persuaded by the reasoning of  *Hernandez-Rodriguez*.

It is worth noting that this standard is almost identical to the fifth element in the *Thompson* standard.  *See infra* at 18-19.  However, applying the materiality standard in *Hernandez-Rodriguez*, the court finds that the evidence is not material.  In *Hernandez-Rodriguez*, the court found the new evidence to be material because it refuted a key element of the Government's case, that the defendant knew or had reason to know of a drug shipment.  443 F.3d at 145.  Another part of the affidavit denied that the defendant's name was implicated on a facsimile transmission the

Government relied heavily upon in proving the existence of a conspiracy. *Id.* Because this evidence refuted crucial portions of the Government's case, the court found it to be material.

In contrast, Edwards's testimony would have little effect on the Government's case. As discussed in the following section, Edwards's testimony is merely his opinion as to what type information Crumpler had access. Furthemore, it does not directly refute a key element of the Government's case, as occurred in *Hernandez-Rodriguez*. The Government provided substantial evidence, unaddressed by Edwards's testimony, that would have independently provided more than enough evidence to convict Crumpler. *See infra* at 20-26.

**5.    A new trial would probably produce a different result**

The final *Thompson* element analyzes whether the evidence would have produced a different result at trial. As discussed above, the materiality element seems to go hand in hand with this element. There are several reasons why the proffered new evidence would not produce a different result at trial, and the motion is therefore due to be denied.

A new trial is only due when "the evidence [is] such that a new trial would <u>probably</u> produce a new result." *United States. v. Riley*, 544 F.2d 237, 240 (5th Cir. 1976) (emphasis added). "The likelihood of changing a jury's decision must rise

considerably above the level of speculation in order to justify a new trial." *Id.*  The

evidence must be "so substantial as to be likely to produce a different result." *United*

*States v. Russo*, 717 F.2d 545, 550 (11th Cir. 1983).

In support of his motion, Crumpler posits the by now familiar mantra:

Edwards's testimony refutes a key element of the Government's case, that Crumpler

was involved in a conspiracy to commit fraud during his tenure at HealthSouth,

accomplished by altering the accounting records of individual facilities. (Doc. 166 at

10-11; Doc. 163 at 25).  As discussed below, this argument fails on numerous

grounds.

First, the newly proffered evidence is not credible.  As previously discussed by

the court, Crumpler offers only an unsworn affidavit by Edwards. (Doc. 163 at 7).

Crumpler insists that Edwards refused to sign the affidavit because he feared

retaliation from the Government.  *Id.*  Without any way to substantiate that Edwards

would testify as to Smith's or Owens's "false statements", this evidence can be given

only minimal credibility at best.  Further, the proffered testimony does not establish

that Crumpler did not have access to the financial records, it merely establishes

Edwards's <u>belief</u> that Crumpler did not have such access.  Finally, it does not directly

refute that Smith, Owens, or Crumpler said and did what Smith and Owens testified

to.

Next, the proffered evidence is cumulative.  As previously discussed, Edwards's "new" testimony was, in actuality, a regurgitation of his previous testimony at trial. *Supra* at 14-15.  If a jury already heard the same testimony and returned a verdict against Crumpler on all counts, there is little reason to assume that a new jury would come to a different conclusion when presented with the same facts.  Most importantly, the Government would have likely prevailed on both Count One and Count Two, even without the allegedly false facts testified to by Owens and Smith. The court will now address the independent grounds for conviction as to both counts.

First, as to Count One, in relevant part, the court instructed the jury as follows:

> Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense.  So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.
>
> In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

• • •

> In this instance, with regard to the alleged conspiracy, the indictment charges that the Defendant conspired with others to: (1) commit securities fraud; (2) falsify, and cause others to falsify, books

20

and records; and (3) make, and cause others to make, one or more false statements.  It is charged, in other words, that he conspired with other persons to commit three separate, substantive crimes or offenses.

In such a case it is not necessary for the Government to prove that the Defendant under consideration willfully conspired to commit all of those substantive offenses.  It would be sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully conspired with someone to commit one of those offenses . . . .

(Doc. 97 at 11-13).

There was more than sufficient evidence to meet the Government's burden of proof as to this count without any of the testimony the affidavit supposedly refutes. At trial, Owens provided testimony unaddressed by Crumpler's "new evidence" that, standing alone, could have proven the conspiracy allegations in their entirety.  In particular, Owens gave testimony concerning Crumpler's participation in a conspiracy to falsify audit confirmation records for Ernst & Young, while Crumpler was employed at Source Medical Solutions.  In relevant part, Owen testified as follows:

[Crumpler and I]  agreed that on HealthSouth's books that we would make adjustments after the fact to shift some of the funds from our receivable accounts into our investment account to eliminate the need for a direct reconciliation from our books to their books, and also would allow us, over the following year, to adjust that amount off.

My agreement with Sonny [Crumpler] was that if he would prepare this confirmation, that I would get it adjusted off by the time the audit rolled around next year, and he wouldn't have to do it again. So I sent him a letter, and it may have been addressed to Daryl Brown, I don't remember, in early, you know, in the weeks following that conversation, directing that we would make some changes to the way the accounting was done on our books between investments and receivables. And that

allowed us to set the stage to be able to adjust those amounts off during
2002.
(Doc. 119 at 92-93).

Based on Owens's testimony concerning Crumpler's falsification of audit

confirmation records provided to Ernst & Young, the jury could have found Crumpler

guilty as to Count One.  As explained in the jury instructions, the jury was only

required to find that Crumpler either "conspired with others to: (1) commit securities

fraud; (2) falsify, and cause others to falsify, books and records; [or] (3) make, and

cause others to make, one or more false statements."  (Doc. 97 at 11).   The

Government presented direct evidence of an agreement to do one or more of the

above, and the jury believed this evidence, returning a verdict that convicted

Crumpler.

The Government also had direct evidence of a violation of Count Two.  The

court instructed the jury as follows:

> Count Two is not a conspiracy charge.  Therefore, in Count Two, unlike
> Count One, the Government does not need to prove that a conspiracy
> existed.  However, in Count Two, unlike Count One, the Government
> must prove that the Defendant actually accomplished the offense he is
> charged with.  In count Two, the Defendant is charged with having
> aided and abetted officers of HealthSouth Corporation in making, and
> causing to be made, materially false and misleading statements, and
> omitting to state material facts necessary in order to make statements
> made, in light of the circumstances under which the statements were
> made, not misleading, to accountants of HealthSouth in connection with
> the audit and examination of the legally required financial statements of

22

HealthSouth and in connection with the preparation and filing with the Securities and Exchange Commission of required documents and reports.

●    ●    ●

The defendant can be found guilty of COUNT TWO - AIDING AND ABETTING FALSE STATEMENTS TO AUDITORS only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant aided and abetted an officer or director of HealthSouth Corporation in the making of a false or misleading statement;

Second:      That the false or misleading statement was made to accountants of HealthSouth in connection with the audit and examination of the financial statements of HealthSouth or in connection with the preparation or filing of any document or report by HealthSouth that was required to be filed with the Securities and Exchange Commission;

Third:      That the false or misleading statement (or omission) related to a material matter; and

Fourth:      That the Defendant acted knowingly and willfully.

(Doc. 97 at 21-23).

The effect of Edwards's testimony is not "such that a new trial would <u>probably</u> produce a new result." *United States. v. Riley*, 544 F.2d 237, 240 (5th Cir. 1976) (emphasis added), as it would not be "so substantial as to be likely to produce a different result." *United States v. Russo*, 717 F.2d 545, 550 (11th Cir. 1983). Owens's cited testimony alone provides substantial evidence of Crumpler's guilt as

23

to Count Two. *See* Doc. 119 at 92-93. When the Government produces substantial evidence that is unaddressed by the defendant's new evidence, a new trial would not probably produce a different result. *See Russo*, 717 F.2d at 550. Owens's testimony, as provided above, goes unaddressed by Crumpler's new evidence. Thus, even if the evidence were newly discovered, if the defense had exercised due diligence, and if the evidence were not cumulative, a new trial would not produce a different result. Rule 33 motions require the moving party to bear the burden of proof, and Crumpler has not met his burden. Accordingly, the motion is due to be denied.

In an effort to cast doubt on the Government's strong position on Count Two, Crumpler states that, because Edwards's testimony could refute Crumpler's participation in fraud while employed at HealthSouth from 1996 through 2000, it would be less likely that he would participate in defrauding auditors, since he would have no logical connection to the conspiracy at HealthSouth. (Doc. 163 at 24). This evidence only goes to weight, which is not a ground for granting a new trial. *See United States v. Thompson*, 422 F.3d 1285, 1295 (11th Cir. 2005). Moreover, as stated *supra*, it significantly overstates Edwards's affidavit.

Edwards's affidavit identifies statements he "knew to be false or materially misleading and/or not possible." (Doc. 163, Ex. A at 1). The effect of this affidavit is only to prove what Edwards believes, i.e., it is only Edwards's opinion as to which

24

records Crumpler had access to.  Edwards cannot prove that Smith's and Owens's testimony was actually false.  Crumpler might have learned to access the relevant information himself, or he might have used another employee to gain access to the records.  Edwards's opinion that Crumpler probably did not have access to the information or that Crumpler preferred not to view this type of detailed information does nothing to change the possibility that Crumpler might have used other means.

More importantly, the testimony goes to a very minor detail of the Government's case.  The jury was instructed as follows:

> You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.
> (Doc. 97 at 7).

At a new trial, the jury would receive the same instruction.  Edwards's testimony may tend to prove that Smith and Owens presented inaccurate testimony.  However, a jury would not likely consider Edwards's testimony to be so important that it would entirely undermine any element of the Government's case as to either Count.  As already discussed in this opinion, the Government did not need to prove that Crumpler had access to individual facility data to prove any of its charges.

25

In an effort to prove the importance of Edwards's testimony, Crumpler argues that the new evidence undermines Smith's and Owens's claims that they were comfortable asking him to lie to the Ernst & Young auditors, because he had previously participated in the conspiracy.  (Doc. 163 at 24).  Again, Edwards's testimony (merely an opinion) does not relate to any essential element of the Government's case.  Accordingly, it does not refute the substantial evidence presented by the Government showing that Crumpler agreed to and acted upon his agreement to participate in providing fraudulent information to HealthSouth's auditors.

Crumpler's supposed new evidence would not have changed the outcome at trial.  The defendant had the burden to convince this court that the new evidence probably would have resulted in an acquittal.  Crumpler has failed to meet his burden in several  respects.  His motion is therefore due to be denied.

## IV.    CONCLUSION

Consistent with the reasons set forth in this opinion, the defendant's Motion for New Trial (Doc. 163) is due to be **DENIED**.  Crumpler simply has not met his burden of demonstrating that a new trial is due under Rule 33.  A separate order will be entered.

**DONE** and **ORDERED** this the 29th day of August, 2008.


**VIRGINIA EMERSON HOPKINS**
United States District Judge